UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELISSA EDERLE,**

      Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN,**

      Defendant.

Case No.

HON. _____

---

**MANNARINO LAW PLLC**
By:  ANGELA M. MANNARINO (P72374)
Attorneys for Plaintiff
37637 Five Mile Road #294
Livonia, MI 48154
(734) 430-0880
angela@mannarino-law.com

---

# COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, by her attorneys, MANNARINO LAW PLLC, and for her Complaint against Defendant states as follows:

1. This Complaint asserts claims of retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC §2000e, *et seq*., as amended. And in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.201, *et seq.,* as amended.

## PARTIES

2. Plaintiff MELISSA EDERLE (hereinafter referred to as "Plaintiff") is an individual who resides in the City of Novi, County of Oakland, State of Michigan.

3. Defendant UNIVERSITY OF MICHIGAN (hereinafter "Defendant") is a public body corporate in the State of Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the Eastern District of Michigan and Defendant has a place of business in the Eastern District of Michigan.

5. This Court has jurisdiction over Plaintiff's Title VII claim under and pursuant to 28 USC §§1331 and 1343.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim under and pursuant to 28 USC §1367, and Plaintiff's federal law claim substantially predominates over Plaintiff's state law claims.

7. On or about July 11, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit A.

8. The EEOC issued a Notice of Right to Sue to Plaintiff on or about May 1, 2024. Exhibit B.

9. Plaintiff timely filed this Complaint within 90 days of receiving the EEOC's Notice of Right to Sue.

10. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claims occurred in this judicial district.

## COMMON FACTUAL ALLEGATIONS

11. Plaintiff commenced employment with Defendant on or about October 23, 2017 as a Patient Care Associate.

12. In or around November 2020, Plaintiff made a complaint of sexual harassment to Defendant.

13. Plaintiff's complaint of sexual harassment alleged that a male co-worker had engaged in physically intimidating behavior by doing things such as standing too close and leaning over her shoulder and had physically assaulted Plaintiff by punching her in the arm before he walked away laughing after Plaintiff declined to engage in conversation with the male co-worker.

14. Plaintiff requested that Defendant terminate the employment of the male co-worker or transfer him to a location where Plaintiff did not work.

15. In response to Plaintiff's complaint of sexual harassment, Defendant resolved Plaintiff's complaint with a mutual no contact order which provided that Plaintiff and the male co-worker would not have contact with the other. Thus, Plaintiff had the same restrictions placed on her as the male co-worker about whom she complained.

16. Defendant's resolution of Plaintiff's sexual harassment complaint provided that Plaintiff was subjected to the same level of discipline as the male co-worker who assaulted and harassed her.

17. In or around March 2021, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination in violation of Title VII based on the sexual harassment she had been subjected to by a male co-worker and Defendant's mishandling of Plaintiff's complaint.

18. In or around September 2021, Plaintiff transferred from Defendant's location in Livonia, MI to its location in Northville, MI.

19. Defendant had informed Plaintiff that the male co-worker that was the subject of Plaintiff's sexual harassment complaint would not be allowed to work with her at the Northville location.

20. In or around June 2022, the male co-worker who was the subject of Plaintiff's sexual harassment complaint transferred to Defendant's Northville location.

21. When the male co-worker who was the subject of Plaintiff's sexual harassment complaint transferred to Defendant's Northville location, Plaintiff made a complaint to Defendant.

22. Defendant took no action in response to Plaintiff's complaint.

23. Plaintiff has been employed at Defendant's Northville location since September 2021 and remains so employed as of the date of the filing of this Complaint.

24. As of the date of the filing of this Complaint, the male co-worker that was the subject of Plaintiff's sexual harassment complaint continues to work on occasion at Defendant's Northville location with Plaintiff.

### COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

25. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

26. At all relevant times, Defendant was an "employer" and a "person" as those terms are defined by Title VII.

27. Under Title VII, Defendant was prohibited from:

   a. Retaliating or otherwise discriminating against Plaintiff because she made or filed a complaint about sexual harassment and discrimination which violated Title VII; and

   b. Retaliating or otherwise discriminating against Plaintiff because she expressed her opposition to sexual harassment and discrimination which violated Title VII.

28. Defendant violated the aforementioned prohibitions imposed by Title VII by preventing Plaintiff from being assigned to court-appointed defense cases and

otherwise retaliating against her because she made or filed a complaint and/or expressed her opposition to illegal sex discrimination by Defendant.

29. As a direct and proximate result of Defendant's aforementioned intentional violation of Plaintiff's civil rights, as set forth by Title VII, Plaintiff has and will continue to suffer damages, including but not limited to: humiliation, shock, mental, emotional and physical distress; and damage to her personal and professional reputation.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgment against Defendant for damages and exemplary damages, in whatever amount is shown to be established by the proofs, and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees.

## COUNT II – VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – RETALIATION

30. Plaintiff repeats and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein verbatim.

31. At all times relevant herein, Plaintiff was an employee and Defendants each were an "employer" and "person" within the meaning of the ELCRA.

32. At all times relevant herein, under the ELCRA, Plaintiff had a right to be free from retaliation and discrimination because she opposed a violation of the ELCRA.

33. Defendants violated Plaintiff's rights under the ELCRA by, retaliating and discriminating against Plaintiff because of her report of a violation of the ELCRA including but not limited to:

    a. Treating employees, including Plaintiff, differently than similarly situated employees;

    b. Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment; and

    c. Otherwise discriminating against and disparately treating Plaintiff because she reported a violation of the ELCRA with respect to the terms, conditions, and privileges of her employment.

34. As a direct and proximate result of Defendants' aforementioned intentional violation of Plaintiff's civil rights, as set forth by the ELCRA, Plaintiff has and will continue to suffer damages, including but not limited to: humiliation, shock, mental, emotional and physical distress; and damage to her personal and professional reputation.

WHEREFORE, Plaintiff requests that this Court enter a Judgment against Defendant for damages and exemplary damages, in whatever amount is shown to be established by the proofs, and injunctive or equitable relief, together with interest, costs, and reasonable attorney fees in accordance with MCL §37.2801.

Respectfully submitted,

**MANNARINO LAW PLLC**

*[signature: Angela Mannarino]*

**ANGELA MANNARINO (P72374)**
Attorneys for Plaintiff
37637 Five Mile Road
Suite 294
Livonia, MI  48154
(734) 430-0880

DATE:		July 29, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELISSA EDERLE,**

      Plaintiff,

vs.

      Case No.

**UNIVERSITY OF MICHIGAN,**

      HON. _____

      Defendant.

---

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys, MANNARINO LAW PLLC, demands a trial by jury in this cause of action.

      Respectfully submitted,

      **MANNARINO LAW PLLC**

      */s/ Angela Mannarino*

      **ANGELA MANNARINO (P72374)**
      Attorneys for Plaintiff
      37637 Five Mile Road
      Suite 294
      Livonia, MI  48154
      (734) 430-0880

DATE:    July 29, 2024

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement and other information before completing this form.

Charge Presented To:
[ ] FEPA
[X] EEOC

Agency(ies) Charge No(s):

Michigan Department of Civil Rights and EEOC

| | |
|---|---|
| **NAME** (Indicate Mr., Ms., Mrs.) Ms. Melissa Ederle | **HOME TELEPHONE** (Include Area Code) (734) 338-5155 |
| **STREET ADDRESS** 2471 Musson Road | **CITY, STATE AND ZIP CODE** Howell, MI 48855 | **DATE OF BIRTH** 1991 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| University of Michigan/ Michigan Medicine | 500+ | (734) 936-4000 |
| **STREET ADDRESS** 1500 E. Medical Center Drive | **CITY, STATE AND ZIP CODE** Ann Arbor, MI 48109 | **COUNTY** Washtenaw |
| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) (248) 305-4400 |
| **STREET ADDRESS** 39901 Traditions Drive | **CITY, STATE AND ZIP CODE** Northville, MI 48168 | **COUNTY** Wayne |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST / LATEST: June 2022
[X] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s))

I filed a Charge of Discrimination in March 2021 after I made internal complaints to my employer about sexual harassment that were unresolved.

In or around September 2021, I transferred from my employer's Livonia location to the Northville location. My employer had informed me that my harasser would not be allowed to work with me.

In or around June 2022, my harasser transferred to the Northville location where I work. I made a complaint to my employer, but my employer took no action.

I believe that I was discriminated and retaliated against because of my sex and complaints about sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/11/22
Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
DATE: 7/11/22

SUBSCRIBED AND SWORN TO BEFORE ME THIS 11th DAY OF July, 2022

RANDI DONEGAN
Notary Public
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Nov 9, 2022
ACTING IN COUNTY OF Oakland

EEOC Form 5

# EXHIBIT B



**U.S. Department of Justice**

Civil Rights Division

---

KC:MLB:KLF  
DJ 170-38-0

*Employment Litigation Section - PHB*  
*950 Pennsylvania Avenue, NW*  
*Washington, DC   20530*  
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL                                                                       May 1, 2024

Ms. Melissa Ederle  
c/o Angela Mannarino, Esquire  
Law Office of Gasiorek & Morgan  
30500 NW Highway, Ste. 425  
Farmington Hills, MI   48334

        Re:   Melissa Ederle v. University of Michigan, Michigan Health, et al.  
              EEOC Charge Nos. 471-2021-01758 & 471-2022-04510

Dear Ms. Ederle:

    It has been determined that the Department of Justice will not file suit on the above-referenced charges of discrimination that were referred to us by the Equal Employment Opportunity Commission (EEOC).   This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charges are meritorious.

    You are hereby notified that conciliation in these matters was unsuccessful by the EEOC.   You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent.   If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

    If you or your attorney have any questions concerning this matter or wish to inspect the investigative files, please feel free to address your inquiry to:   Ramiro Gutierrez, Director, EEOC, Patrick V. McNamara Building, 477 Michigan Avenue, Room 865, Detroit, MI 48226-9704.

                          Sincerely,

                          Kristen Clarke  
                        Assistant Attorney General  
                        Civil Rights Division

                By:   *Meredith L Burrell*

                        Meredith L. Burrell  
                        Principal Deputy Chief  
                        Employment Litigation Section

cc:    Melissa Ederle  
       University of Michigan, Michigan Health, et al. c/o T. E. Bright, Esquire  
       EEOC, Detroit Field Office